IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-00774-CV-W-ODS |
| | ) | |
| WILLIAM BRANDON HILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Pending is Plaintiff U.S. Bank National Association's Motion to Remand. Doc. #6. For the reasons below, the motion is granted.

I. BACKGROUND

Plaintiff filed its Petition for Judicial Foreclosure in the Circuit Court of Jackson County, Missouri on February 21, 2016. Doc. #1-3. Pro se Defendant William Brandon Hill filed a Notice of Removal on July 8, 2016, alleging this Court has jurisdiction under 28 U.S.C. § 1331 because he asserts Plaintiff violated the Fair Debt Collection Practices Act ("FDCPA"). Doc #1, at 2. Plaintiff's motion presents several arguments in favor of remand. Doc. #6.

II. DISCUSSION

(A)

As an initial matter, Plaintiff argues Hill's removal was not timely. A defendant has thirty days to remove after receiving a copy of Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b). Hill was served on March 3, 2016. Doc. #1-3. Hill's Notice of Removal was filed over 90 days after service. Although Plaintiff filed a Motion to Amend its Petition on July 1, 2016, it only sought correction of typographical errors. Doc. #1-5. Thus, section 1446(b)(3), which provides for 30 days in which a defendant may file a notice of removal if an amended pleading presents a removable issue, is not applicable. Accordingly, Hill's removal was not timely and remand is proper.

(B)

Federal courts have jurisdiction over cases presenting a claim under federal law. 28 U.S.C. § 1331.  Plaintiff's complaint for judicial foreclosure does not present a federal question.  Hill asserts jurisdiction is proper under section 1331 because Plaintiff violated the FDCPA.  Doc. #1, at 2.  Hill's filings seem to assert a counterclaim for FDCPA violations.  Docs. #1, at 2; #1-7, at 43.  A counterclaim cannot be the basis for federal question jurisdiction.  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002).  Accordingly, the Court does not have jurisdiction under section 1331 and remand is proper.

## III.  CONCLUSION

For the above reasons, the Court remands this action to the Circuit Court of Jackson County, Missouri for further proceedings.  The Court declines to award Plaintiff attorney's fees incurred as a result of its Motion to Remand.

IT IS SO ORDERED.

DATE: August 25, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT